# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GEORGE SEPULVEDA, | : | CIVIL ACTION NO. 1:10-CV-1861 |
|---|---|---|
| Petitioner, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

### I. BACKGROUND.

Petitioner George Sepulveda is an inmate at the United States Penitentiary in Canaan Township in Waymart, Pennsylvania (USP Canaan). On September 3, 2010, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner, proceeding *pro se*, paid the filing fee. (Doc. 5). He names as respondent Ronnie Holt, Warden of United States Penitentiary in Canaan Township in Waymart, Pennsylvania ("USP Canaan"). (Doc. 1).

On September 7, 2010, the Petitioner filed an amendment to his petition for habeas relief to state he still had not received a copy of the Disciplinary Hearing Officer's ("DHO") report. (Doc. 3). On September 10, 2010, the Court directed service of the petition and the amendment to the Respondents. (Doc. 6).

On September 17, 2010, the Petitioner filed a Supplement to his petition for habeas relief to indicate that he was in receipt of the DHO report. (Doc. 9). On September 29, 2010, the Respondent filed a Response to the habeas petition. (Doc. 13). On October 6, 2010, the Petitioner filed a Traverse. (Doc. 14).

By way of background, the Petitioner was charged on June 11, 2010 with violating the following provisions of the Bureau of Prisons ("BOP") disciplinary code: Use of the Telephone to Further Criminal Activity; Giving/Receiving Money from any person for any Illegal Contraband or Prohibited Purposes; and Attempted Introduction of Contraband. (Doc. 13, Ex. 1 at 8). The Petitioner received the incident report on the day he was charged. (Doc. 13, Ex. 1 at ¶¶ 14-16).

On June 12, 2010, the Petitioner appeared before the United Discipline Committee ("UDC"). (Doc. 13, Ex. 1 at ¶¶ 17-21). At this hearing, he received a copy of the "Inmate Rights at Discipline Hearing" form, as well as a form entitled "Notice of Discipline Hearing Before the DHO." (Doc. 13, Ex. 1 at 35). On the latter form, the Petitioner indicated that he did not want a staff representative or any witnesses to appear on his behalf at the hearing. *Id*. The UDC referred the charge to the DHO for a further hearing. (Doc. 13, Ex. 1 at 8.)

The DHO hearing was held on June 24, 2010. (Doc. 13, Ex. 1 at ¶ 2). The Petitioner, who was present, waived his right to have a staff representative appear on his behalf. (Doc. 13, Ex. 1 at 4). The Petitioner did not request that a witness be present. *Id*. He was advised of his rights and he indicated he understood them. *Id*. The Petitioner chose not to make a statement on his behalf, nor did he respond to any questions posed by the DHO. (Doc. 13, Ex. 1 at § III.B). Ultimately, the DHO expunged the Attempted Introduction of Contraband charge as a lesser-included offense and concluded there were no facts to support the other charges. (Doc. 13, Ex. 1 at ¶ 2). As a result of violating Code 197A, Use of the Telephone to Further Criminal Activity, the Petitioner was sanctioned to a loss of 40 days good conduct time, disciplinary segregation for 60 days, the impounding of certain personal property for 60 days, and the loss of visiting,

commissary, telephone and TRULINCS privileges for 2 years. (Doc. 13, Ex. 1 at § VI). The Petitioner was also sanctioned on the charge of Giving/Receiving Money from any Person for any Illegal Contraband or Prohibited Purposes in violation of Code 217. *Id*. He lost 27 days of good conduct time, disciplinary segregation for 30 days (suspension of 180 days clear conduct ) and other privileges including visitation, commissary, telephone, and TRULINCS privileges for two years. *Id*.

On July 6, 2010 and July 8, 2010 the Petitioner filed two separate appeals with the Northeast Regional Office, before the DHO issued a report. (Doc. 13, Ex. 2).

On July 15, 2010, the DHO issued a written decision and sent a copy of the report to the Petitioner. (Doc. 13, Ex. 1 at 7).

On July 28, 2010, the Petitioner filed two appeals to the BOP's Central Office. (Doc. 13, Ex. 2). All appeals were rejected and the Central Office advised the Petitioner to wait until he received the DHO report before he started the appeal process. *Id*. There is no indication from the record that the Petitioner has filed any further appeals or grievances since July 28, 2010.

For the reasons set forth below, we recommend that the petition for habeas relief be DISMISSED.

## II. CLAIMS IN THE HABEAS PETITION.

In his petition for habeas relief, the Petitioner claims that he was denied an impartial investigator at his UDC hearing. (Doc. 1). He also claims that he was denied his right to be present, have staff representation, and present witnesses and documentary evidence. *Id*. The

Petitioner also avers that he did not receive a copy of the Disciplinary Hearing Officer's Report in a timely fashion. (Docs. 1 and 14).

The Respondent argues that the petition should be dismissed because the Petitioner failed to exhaust his administrative remedies before filing his claim for habeas relief. (Doc. 13).

**III. DISCUSSION.**

The Petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*). Since we construe Petitioner's challenge as a habeas petition, we find that he is required to exhaust his administrative remedies which he has admittedly failed to do. *See Malvestuto v. Martinez*, 2009 WL 2876883 (M.D. Pa.). The Court in *Malvestuto* stated:

> Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); e.g., *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

*Malvestuto*, 2009 WL 2876883 at *2; *McCooey v. Martinez*, 2010 WL 411744, * 2 (M.D. Pa.).

The *Malvestuto* Court then outlined the procedure utilized by federal inmates which was established by the BOP and set forth at 28 C.F.R. §§ 542.10-542.19, stating:

4

> Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. *See* § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. *Id*. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. *See* § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and General Counsel of the BOP. *See* §542.15 A BOP decision is not final -and thus not reviewable-until relief has been denied by the General Counsel's Office.

*Id*.

In this case, the petitioner failed to file a timely administrative appeal. As discussed, before the DHO even issued his report on July 15, 2010, the Petitioner filed two appeals with the Northeast Regional Office. He also filed two appeals to the Central Office on July 28, 2010. When the Central Office rejected the Petitioner's appeals, he was instructed to wait until he was in receipt of the DHO report, when he would have 20 days to start the appeals process. The Petitioner failed to resubmit his appeals and instead, filed his petition for habeas relief on September 3, 2010.

Exhaustion is excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. *Lyons v. U.S. Marshals,* 840 F.2d 202, 205 (3d Cir. 1998). *See also Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982) (exhaustion of state remedies not required where futile). There is no indication that any exigency exists in this case. Even if the Petitioner did not receive his the DHO report until September 7, 2010 as he claims, he still had 20 days from that date to resubmit his appeal but

he failed to do so. Nor has he offered any explanation for his failure to file a timely appeal or exhaust his administrative remedies. Accordingly, we will recommend that his habeas petition be dismissed for failure to exhaust his administrative remedies. *See Malvestuto* at *4; *McCooey v. Martinez*, 2010 WL 411744, *4.

**IV. RECOMMENDATION.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 12, 2010**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE SEPULVEDA,** | : | **CIVIL ACTION NO. 1:10-CV-1861** |
| **Petitioner,** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **RONNIE HOLT,** | : | |
| **Respondent.** | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 12, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

              s/ Thomas M. Blewitt
              **THOMAS M. BLEWITT**
              **United States Magistrate Judge**

**Dated: November 12, 2010**